UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
JASON YOUNG and MARY YOUNG,    )          CIVIL ACTION NO. 3:21-CV-30029
                                                    )
        Plaintiffs,                                 )
                                                    )
v.                                                  )
                                                    )
HYDROPOLIS, INC.,                                   )
a Massachusetts corporation,                        )
                                                    )
        Defendant.                                  )
_____)

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(INJUNCTIVE RELIEF SOUGHT)**

Plaintiffs, Jason Young and Mary Young (the "Youngs"), sue Defendant, Hydropolis, Inc. ("Hydropolis"), for infringement of the Youngs' United States Patent No. 9,468,865 (the "'865 Patent") and allege the following:

**PARTIES**

1.      The Youngs are a married couple residing in New Port Richey, Pasco County, Florida, and are the inventors of the invention claimed in the '865 Patent.

2.      Hydropolis is a Massachusetts corporation with its principal place of business in Agawam, Hampden County, Massachusetts.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the Youngs' claims arise under the patent laws of the United States, codified at 35 U.S.C. § 101 et seq.

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) because Hydropolis: (a) committed acts of patent infringement in this judicial district by taking acts within

this judicial district that induce the infringement of the Youngs' '865 Patent; and (b) has its principal place of business located in Agawam, Massachusetts, which is within this judicial district.

## FACTUAL BACKGROUND

5. The Youngs are the inventors and sole owners and of the entire right, title and interest in '865 Patent, entitled "TINCTURE PREPARATION METHOD AND USE". A copy of the Youngs' '865 Patent is attached to this Complaint as **Exhibit A**.

6. The Youngs' '865 Patent was duly and legally issued by the United States Patent and Trademark Office on October 18, 2016, and enjoys a priority date of at least as early as February 24, 2015, the filing date of the application giving rise to the '865 Patent.

7. Hydropolis advertises for sale and sells in the United States a product known as the "Butter Brewer" (the "Butter Brewer").

8. Hydropolis includes an "Instruction Booklet" with the Butter Brewer and on its website, www.butterbrewer.com (the "Butter Brewer Website"), which directs persons how to use the Butter Brewer to make tinctures (the "Butter Brewer Instruction Booklet"). A copy of the Butter Brewer Instruction Booklet is attached to this Complaint as **Exhibit B**.

9. Hydropolis' Butter Brewer Website also contains instructional videos, located at www.butterbrewer.com/machine-overview that also instruct persons how to use the Butter Brewer to make tinctures (the "Butter Brewer Videos").

10. Below are photographs from Hydropolis' Butter Brewer Website showing the Butter Brewer and its components:



Photo A



Photo B

3



Photo C



Photo D

11. The photograph below, captured from the "Butter Brewer Machine Overview video" posted on the Butter Brewer Website, depicts a round silver heating element in bottom of the outer container of the Butter Brewer.



Photo E

12. The Butter Brewer contains all the components of the apparatus described in Claim 1 of the Youngs' '865 Patent.

13. Specifically, the Butter Brewer is:

 a. A tincture manufacturing apparatus (*see* Photos A and C) and has;

 b. A first container (*see* Photo B);

 c. A second container, which is insertable into the first container (*see* Photos B and D);

 d. A control panel on the outer wall of the first container operable to facilitate the entry of time, temperature and speed parameters (*see* Photos A and C);

 e. A heating element in the first container (*see* Photo E); and

 f. A lid with an agitator extending downward (*see* Photo D).

14. Through the Butter Brewer Instruction Booklet and Butter Brewer Videos, Hydropolis instructs persons to use the Butter Brewer to make a tincture in a manner that directly or through the doctrine of equivalents infringes at least Claim 1 of the Youngs' '865 Patent.

15. Specifically, Hydropolis instructs persons to:

      a.  Place contents into the interior of the Butter Brewer's second (inner) container (the "Inner Container");

      b.  Insert the Inner Container into the first (outer) container (the "Outer Container"), which Inner Container is suspendedly mounted in the Outer Container due to the configuration of the two containers;

      c.  securing the lid on the Butter Brewer;

      d.  inputting a speed parameter, which includes categories for constant and intermittent rotation of the agitator;

      e.  inputting a temperature parameter of between 100 and 250 degrees Fahrenheit;

      f.  initiating the cooking process wherein the Inner Container is heated to the input temperature and the agitator is rotated at the speed parameter that was input;

      g.  monitoring for overflow during cooking via an overflow sensor mounted on the lid (which is performed by the overflow sensor in the Butter Brewer lid);

      h.  completing the cooking process using the Butter Brewer (which is accomplished when the inputted time expires); and

      i.  removing the Inner Container from the Outer Container and straining the contents of the Inner Container into a storage vessel.

16.    All conditions precedent to the maintenance of this action have been performed or have been excused or waived.

## COUNT I
### (Induced Infringement of the '865 Patent)

17.    The Youngs incorporate the allegations in paragraphs 1 through 16 above as if fully set forth herein.

6

18. No later than November 20, 2017, Hydropolis had actual knowledge of the Youngs' '865 Patent. On that date, the Youngs' legal counsel sent a letter via Priority Mail and email to Hydropolis: (a) notifying Hydropolis of the Youngs' '865 Patent; (b) specifically asserting that Hydropolis is infringing that patent; and (c) demanding that Hydropolis immediately cease and desist from infringing the Youngs' '865 Patent (the "November 2017 Demand Letter"). A copy of the November 2017 Demand Letter (*without voluminous exhibits*) is attached to this Complaint as **Exhibit C**.

19. Hydropolis failed to cease its infringing activity after receiving the November 2017 Demand Letter.

20. The Youngs' legal counsel sent another demand letter to Hydropolis on January 13, 2021, in which the Youngs again demanded that Hydropolis immediately cease and desist from infringing the Youngs' '865 Patent (the "January 2021 Demand Letter"). A copy of the January 2021 Demand Letter is attached to this Complaint as **Exhibit D**.

21. Hydropolis failed to cease its infringing activity after receiving the January 2021 Demand Letter.

22. As demonstrated on the Butter Brewer Videos, persons following the instructions provided by Hydropolis are using the Butter Brewer to directly infringe the Youngs' '865 Patent or infringe that patent under the Doctrine of Equivalents.

23. Hydropolis' actions described above have induced and continue to induce infringement of the Youngs' '865 Patent in violation of 35 U.S.C. § 271(b).

24. Hydropolis' induced infringement of the Youngs' '865 Patent has caused, and is causing, the Youngs to suffer injury and economic damages, including depriving them of their

statutory right to exclusively control the practice of the invention claimed in the Youngs' '865 Patent and to enjoy the market position attendant to that right.

25. Based on Hydropolis' refusal to cease its infringing activities despite repeated written demands that it do so, Hydropolis' infringement of the Youngs' '865 Patent is willful and will continue unless enjoined by this Court.

26. Hydropolis' infringement of the Youngs' '865 Patent is causing and will continue to cause the Youngs irreparable harm unless such infringing activities are enjoined by this Court and the Youngs lack an adequate remedy at law to prevent injuries it is suffering from the infringement by Hydropolis.

27. Given the clear infringement by Hydropolis of the Youngs' patent rights, the Youngs are substantially likely to prevail upon the merits of this action.

28. The balance of hardships and the public interest requires that Hydropolis immediately cease its infringing activities.

WHEREFORE, the Youngs respectfully requests this Court to

(A)   enter judgment in their favor and against Hydropolis;

(B)   grant the Youngs permanent injunctive relief barring the activities of Hydropolis that infringe upon the Youngs' rights in their '865 Patent;

(C)   award the Youngs their damages under 35 U.S.C. § 284;

(D)   treble the amount of damages awarded to the Youngs based on Hydropolis' willful infringement;

(E)   award the Youngs pre and post-judgment interest, costs, and expert fees; and

(F)   grant to the Youngs all other relief this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

The Youngs hereby demand a jury trial on all issues so triable.

Dated: March 5, 2021

Respectfully submitted,

JASON YOUNG and MARY YOUNG,

By their attorneys,

*/s/ Catherine M. DiVita*
Catherine M. DiVita (BBO # 693446)
CONN KAVANAUGH ROSENTHAL PEISCH & FORD
1 Federal St., 15th floor
Boston, MA 02110
Phone: 617-348-8282
cdivita@connkavanaugh.com

*Local Counsel*

Richard E. Fee (Florida Bar No. 813680)
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, FL 33602
Phone: 813-229-8008
rfee@feejeffries.com

*Lead Trial Counsel*
*Pro Hac Vice Admission Pending*

2740396.2 08166.000